UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGINALD BELL, SR., )
)
            Plaintiff, )  Case No. C10-379-TSZ-BAT
)
v. )  **REPORT AND**
)  **RECOMMENDATION**
CITY OF TUKWILA, et al., )
)
            Defendants. )

## INTRODUCTION

Plaintiff, proceeding pro se and in forma pauperis, filed a 42 U.S.C. § 1983 Amended Complaint (Dkt. 15) alleging (1) the City of Tukwila has a custom or policy to inflict cruel and unusual punishment and failed to take corrective action against officers exhibiting excessive force; (2) Tukwila Police Officers committed assault and battery against plaintiff under Washington State law; and (3) Tukwila Police Officers violated plaintiff's constitutional right against cruel and unusual punishment by using excessive force. *Id*. at 2-3.

Defendants filed a motion for summary judgment supported by declarations. Dkt. 33. Plaintiff filed a response without any declarations or other evidence. Dkt. 43. As discussed below, the Court, after considering the pleadings and the balance of the record, recommends defendants' motion for summary judgment be **GRANTED** as to all of the claims and that

REPORT AND RECOMMENDATION- 1

plaintiff's amended complaint and this action be **DISMISSED** without prejudice.

## FACTUAL BACKGROUND

### A. Plaintiff's Version

In his response to defendants' summary judgment motion, plaintiff alleges on May 7, 2008, at 1:20 a.m. he was waiting for the bus when Tukwila police officers appeared, detained him, and questioned him about an incident that occurred nearby. Dkt. 43 at 2. "Several seconds later more officers responded and began to search plaintiff person when plaintiff objected to this officers became aggressive and slammed plaintiff on the hood of one of the patrol vehicles at which point plaintiff fled" and hid in some bushes. *Id*. The officers found plaintiff minutes later, handcuffed him, beat him unconscious, struck him with a flashlight over his left eye, and severely damaged his scrotum, which required corrective surgery. *Id*. at 2, 4.

Plaintiff was booked for unlawful possession of a controlled substance at the City of Tukwila Police Department substation and then transported to King County Jail, where the jail "refused to book plaintiff in the jail instructing city officials to take plaintiff to the local hospital because plaintiff reeked of pepper spray and his visible injuries were to severe the left side of his face was was severely swollen and scared, his eye was swollen closed, bruises, scratches, and cuts appeared across his face, upper torso, and arms." *Id*. at 2-3. Tukwila City officials refused to take plaintiff to the hospital, so King County jail officials took plaintiff to Harborview Medical Hospital where he was diagnosed with trauma to the head and eye, and chronic injuries to the scrotum. *Id*. at 3.

### B. Defendant's Version

Defendants have a very different version of what happened. Defendants contend that at 1:20 a.m., Tukwila Officers Mitchell and Devlin spoke to plaintiff at the bus stop because he matched

REPORT AND RECOMMENDATION- 2

the physical description by a 911 caller who stated that a strange man was pounding on the door of her house, demanding to be let in, and demanding money. Dkt. 33 at 1-2. Officer Devlin performed a safety pat-down of plaintiff and felt a small packet in plaintiff's pocket. *Id*. at 2. Plaintiff did not respond to the officer's query of what was in his pocket. *Id*. At the repeated query, plaintiff stated "It's nothing," and plaintiff suddenly broke free of the officer's grasp and started to run away. *Id*.

Additional officers were radioed to assist in the foot pursuit and search the area for plaintiff. Officer Danninger saw plaintiff hiding in the bushes and repeatedly ordered plaintiff out of the bushes. *Id*. at 3. Plaintiff ignored the commands, consequently, the officers attempted to drag plaintiff out of the bushes and handcuff him, but plaintiff wrestled with the officers, "rolling back and forth, kicking his legs, and pulling his arms away, and tucking his arms under his body." *Id*. Officer Devlin applied a single, one-to-two second burst of pepper spray to plaintiff's face and Officer Danninger handcuffed plaintiff. *Id*. Defendants claim plaintiff "was not kicked in the groin (or anywhere else), punched, pepper sprayed for 15 seconds, or struck with a flashlight." *Id*. Additionally, defendants claim plaintiff may "have had bumps and bruises after wrestling with four or five police officers, he was not bleeding, had no visible injuries, and certainly did not lose consciousness." *Id*.

## DISCUSSION

**A. Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Fed. R. Civ. P. 56(c); *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001). Once the moving party has satisfied its burden of demonstrating the

absence of a genuine issue of material fact, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P 56(e)(2); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The evidence submitted by the non-moving party must be sufficient, taking the record as a whole, to allow a rational jury to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**B. Plaintiff Has Not Met His Burden to Defeat the Motion.**

Defendants moved for summary judgment on the grounds that the officers used reasonable force and supported the motion with sworn declarations. To defeat this motion, Rule 56 requires plaintiff to present "specific facts" by affidavits showing that there is a genuine issue for trial. The rule specifically states that a "party may not rely merely on allegations or denials in its own pleadings" as plaintiff has done so here. *See* Fed. R. Civ. P 56(e)(2).

While pro se litigants are entitled to more leeway, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), they still must comply with the rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (1987). The Court advised plaintiff in the pretrial scheduling order issued on March 9, 2010 that:

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in

REPORT AND RECOMMENDATION- 4

> opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added).

Dkt. 5 at 2. Hence, although plaintiff was warned months ago about what he needed to do to fend off a motion for summary judgment, he failed to respond as required by Fed. R. Civ. P 56(e)(2). Instead of submitting affidavits or declarations showing there is a genuine issue of material fact, plaintiff merely filed a responsive brief containing his arguments. Thus, it is appropriate to grant summary judgment on all of plaintiff's claims and dismiss his amended complaint.

Also, as discussed below, there are other independent reasons to grant summary judgment as to plaintiff's claims against the City of Tukwila and the assault and battery allegation which is based on state law.

**C.  There Are No Genuine Issues of Material Fact Regarding Plaintiff's Claims that Tukwila Supports and Encourages the Use of Excessive Force through a Policy of Omission to Take Corrective Action.**

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dep't of Soc. Servs., of City of New York*, 436 U.S. 658, 691 (1978). A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). A mere conclusory allegation of constitutional harm is insufficient without specific, plausible facts to support it. *Ascroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

Here, plaintiff presents nothing more than the bald assertion that the City of Tukwila's failure "to take corrective action by disciplining and training these officers is the actual cause of the plaintiffs personal and constitutional injuries," (Dkt. 15 at 2) and that there is the "existence

REPORT AND RECOMMENDATION- 5

of a policy of deliberate inaction underlying the current policies implemented." Dkt. 43 at 6. These allegations do not state a claim for relief.

To survive dismissal, a plaintiff must present sufficient factual matter that states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An opposing party to a summary judgment motion "may not rely merely on allegations." Fed. R. Civ. P 56(e)(2).

The pleadings plaintiff has submitted leaves the Court with only conclusory statements that do not state a claim for relief. As the Supreme Court discussed in *Ashcroft*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, at 1949. Because plaintiff's amended complaint and response to summary judgment provide no factual basis that would allow the Court to draw a reasonable inference the City of Tukwila has a policy or custom violating his constitutionally protected rights, it is appropriate to grant summary judgment on this claim and dismiss it.

**D. There Are No Genuine Issues of Material Fact Regarding Plaintiff's Claims that Defendants Committed Assault and Battery.**

Federal courts are constitutionally obligated to apply state law to state claims, such as the assault and battery claims plaintiff brings under Washington State law. *See Felder v. Casey*, 487 U.S. 131, 151 (1988). Prior to bringing state tort claims against governmental entities, Washington State law requires plaintiff to file a claim for damages with the entity alleged to have committed the wrongdoing:

> (1) The provisions of this section apply to claims for damages against all

REPORT AND RECOMMENDATION- 6

> local governmental entities and their officers, employees, or
> volunteers, acting in such capacity, except that claims involving
> injuries from health care are . . .
>
> . . .
>
> (4) No action subject to the claim filing requirements of this section shall
> be commenced against any local governmental entity, or against any
> local governmental entity's officers, employees, or volunteers, acting
> in such capacity, for damages arising out of tortuous conduct until
> sixty calendar days have elapsed after the claim has first been
> presented to the agent of the governing body thereof.

RCW 4.96.020. "Washington courts have consistently held that strict compliance with the requirements of notice of claim statutes is a condition precedent to recovery." *Hardesty v. Stenchever*, 917 P.2d 577, 580 (Wash. Ct. App. 1996).

Here, the intentional torts of assault and battery allegedly committed by city police officers fall under the provisions of RCW 4.96.020. Defendants assert that plaintiff has failed to properly file the required claim with the City of Tukwila. Dkt. 33 at 7. Plaintiff has responded to this assertion by stating that "RCW 4.96.020(1) does not require all claims be filed in risk management in Olympia." Dkt. 43 at 7. While it is true not all claims must be filed in Olympia, a claim must still be filed to the agent of the governing body, i.e. the agent for the City of Tukwila. Plaintiff, however, did not address his failure to fulfill the claim filing requirements under RCW 4.96.020 for the intentional torts of assault and battery. Plaintiff failed to satisfy his burden in opposing summary judgment on this issue when he failed to show the existence of a genuine issue of material fact with respect to whether he followed the procedures in filing an action with state tort claims against the defendants. Accordingly, it is appropriate to grant summary judgment on this claim.

## CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion for summary judgment be **GRANTED** and that this action be **DISMISSED** without prejudice. A proposed

REPORT AND RECOMMENDATION- 7

1 order accompanies this Report and Recommendation.

2     DATED this 25th day of October, 2010.

     /s/ BAT
     BRIAN A. TSUCHIDA
     United States Magistrate Judge

REPORT AND RECOMMENDATION- 8