UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGINALD BELL, SR.,

                Plaintiff,

v.

CITY OF TUKWILA, et al.,

                Defendants.

No. C10-379Z

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A. Tsuchida, docket no. 45. The R&R recommends granting defendants' motion for summary judgment and dismissing this action *without* prejudice. Having reviewed plaintiff's objections to the R&R, docket no. 46, the Court REJECTS the R&R and REFERS this matter to Magistrate Judge Tsuchida for further proceedings.

The R&R proposes to dismiss plaintiff's claims for failure to file the affidavits or declarations necessary, under Federal Rule of Civil Procedure 56, to defeat a motion for summary judgment. Plaintiff, however, acting pro se, did submit a response brief, docket no. 43, setting forth facts that would be admissible in evidence and as to which plaintiff has personal knowledge. These factual contentions may not be ignored simply because they do not "comply with the niceties" of the court rules. *Rainwater v. Alarcon*, 268 Fed. Appx. 531, 534 (9th Cir. 2008); *see also Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) ("because

ORDER - 1

Jones is pro se, we must consider as evidence in his opposition to summary judgment all of Jones's contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where Jones attested under penalty of perjury that the contents of the motions or pleadings are true and correct"); cf. Fed. R. Civ. P. 11(b)(3) (in signing a brief, a pro se party represents that "the factual contentions [therein] have evidentiary support").

The Court may grant summary judgment only if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (2010). In ruling on a motion for summary judgment, the Court must take as true the evidence proffered by the adverse party and draw all "justifiable inferences" in that party's favor. _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 255 (1986). In his response brief, plaintiff raises triable issues concerning his claims against the individual defendants under 42 U.S.C. § 1983, but he presents no evidence to support his cause of action against the City of Tukwila, which may be held liable only if plaintiff proves that the alleged violations of his constitutional rights resulted from an official policy or longstanding practice or custom. _Monell v. Dept. of Soc. Servs._, 436 U.S. 658 (1978).

The Court concludes that summary judgment in favor of the individual defendants is not appropriate, but defers ruling regarding the City of Tukwila. Along with his objections to the R&R, plaintiff has provided a copy of discovery requests seeking information about the City of Tukwila's policies and practices. _See_ First Set of Interrogatories and Requests for Production (docket no. 46 at 37-45). Whether these discovery requests were actually propounded to the City of Tukwila, and whether the City of Tukwila served substantive responses, remains unclear.[1] The matter is referred to Magistrate Judge Tsuchida to assess

---

[1] In response to plaintiff's earlier motion to compel discovery, defendants' counsel submitted, as a sample, a copy of requests propounded to one of the individual defendants, indicating that plaintiff had sent identical requests to each of the other individual defendants. Defendants' counsel did not provide a copy of any requests propounded to the City of Tukwila or responses thereto. Plaintiff's motion to compel was denied for two reasons, namely plaintiff's failure to meet and confer in advance of bringing the motion and

ORDER - 2

1 whether plaintiff has received the discovery to which he is entitled under the Federal Rules of
2 Civil Procedure and, if so, whether plaintiff can adduce the evidence required by *Monell* and
3 its progeny to pursue his claim against the City of Tukwila.

4       The R&R also suggests dismissing plaintiff's complaint for failure to file a claim with
5 the City of Tukwila as required by RCW 4.96.020.  In response to the R&R, plaintiff has
6 submitted a copy of a letter from Washington Cities Insurance Authority (the "Authority"),
7 which handles claims against the City of Tukwila, indicating that the Authority has already
8 received and denied a claim made by plaintiff.  *See* Exh. 4 to Objections (docket no. 46 at
9 47).  Even before plaintiff filed his objections to the R&R, this letter from the Authority was
10 part of the record.  *See* Verification of State Court Proceedings (docket no. 3 at 12).  Whether
11 the claim described in the Authority's letter is coextensive with the claims asserted in this
12 action, and whether submission of the claim denied by the Authority satisfies RCW 4.96.020,
13 remains unclear.  In light of the letter, however, the Court declines, at this time, to grant
14 summary judgment on the basis of RCW 4.96.020.  The matter is referred to Magistrate
15 Judge Tsuchida to consider whether plaintiff has satisfied the prerequisites to suit set forth in
16 RCW 4.96.020.

17       For the foregoing reasons, the R&R, docket no. 45, is REJECTED, defendants'
18 motion for summary judgment, docket no. 33, is DENIED in part and DEFERRED in part,
19 and this matter is REFERRED to Magistrate Judge Tsuchida for further proceedings.  The
20 Clerk is directed to send a copy of this Order to all counsel of record, to plaintiff pro se, and
21 to Magistrate Judge Tsuchida.

22 ///
23 ///
24 ///

---

26 defendants' counsel's representation that supplemental answers concerning the individual defendants were forthcoming.  *See* Order (docket no. 28).  From this record, the Court cannot determine whether the City of Tukwila received or answered plaintiff's discovery requests.

ORDER - 3

1   IT IS SO ORDERED.

2   DATED this 22nd day of December, 2010.

                                    Thomas S. Zilly
                                    United States District Judge