1

2

3

4

5

6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8    REGINALD BELL, SR.,

9                         Plaintiff,              No.  C10-379Z

10   v.

11   CITY OF TUKWILA, et al.,                     ORDER

12                         Defendants.

13

14          THIS MATTER comes before the Court on the Report and Recommendation

15   ("R&R") of United States Magistrate Judge Brian A. Tsuchida, docket no. 61.  The R&R

16   recommends denying defendants' motion for summary judgment, docket no. 33, as to

17   plaintiff's state law claim for assault and battery.[1]  Having reviewed the R&R and

18   defendants' objections, docket no. 62, to which plaintiff filed no response, the Court enters

19   the following order.

20   **Background**

21          In seeking summary judgment as to plaintiff's state tort claim, defendants rely on

22   RCW 4.96.020, which requires that any claim for damages against a local governmental

23

24

25   _____

     [1] With regard to plaintiff's claim under 42 U.S.C. § 1983, defendants' motion for summary judgment was
26   previously denied in part and deferred in part.  Order (docket no. 47).  The deferred portion of the motion,
     which was brought by the City of Tukwila pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978),
     remains pending.

     ORDER - 1

1  entity[2] be presented, at least 60 days prior to suit and within the applicable period of

2  limitations for such claim, to the agent appointed to receive such claim.  Tukwila has

3  appointed the City Clerk as its agent for receiving claims made under RCW Chapter 4.96.

4  Tukwila Municipal Code § 2.20.025.  On June 2, 2008, plaintiff sent correspondence to the

5  City of Tukwila's "Risk Management Division," Exh. 1 to Culumber Decl. (docket no. 53),

6  alleging that Tukwila police officers used excessive force against him on May 7, 2008.  The

7  letter was stamped "received" by the City of Tukwila's Mayor's Office on July 10, 2008, and

8  it was forwarded to Washington Cities Insurance Authority ("WCIA"), which ultimately

9  advised plaintiff that his claim was being denied.  Exh. 7 to Culumber Decl.  The R&R

10  concludes that plaintiff has substantially complied with RCW 4.96.020 and can proceed with

11  his state law assault and battery claim.

12  **Discussion**

13  Defendants have objected to the R&R, making a distinction between the content and

14  the presentment requirements of RCW 4.96.020.  As to content, defendants concede that

15  substantial compliance is sufficient, but as to presentment, they contend that strict

16  compliance is necessary.  In their objection to the R&R, defendants cite several cases

17  supporting this proposition.  *See* *Atkins v. Bremerton Sch. Dist.*, 393 F. Supp. 2d 1065, 1067

18  (W.D. Wash. 2005); *see also* *Medina v. Pub. Utility Dist. No. 1*, 147 Wn.2d 303, 316, 53

19  P.3d 993 (2002); *Sievers v. City of Mountlake Terrace*, 97 Wn. App. 181, 183, 983 P.2d 1127

20  (1999);  *Pirtle v. Spokane Pub. Sch. Dist. No. 81*, 83 Wn. App. 304, 309, 921 P.2d 1084

21  (1996); *Kleyer v. Harborview Med. Ctr.*, 76 Wn. App. 542, 546, 887 P.2d 468 (1995).

22  Defendants did not, however, bring these authorities to the attention of Magistrate Judge

23  Tsuchida.

24

25

26  [2] The claim-filing prerequisite to suit extends to municipal employees acting within the scope of their
employment. *Melin-Schilling v. Imm*, 149 Wn. App. 588, 593, 205 P.3d 905 (2009); *see Atkins v.
Bremerton Sch. Dist.*, 393 F. Supp. 2d 1065, 1069 (W.D. Wash. 2005)

ORDER - 2

1    Moreover, defendants totally failed to advise the Court that these opinions have been

2  abrogated by legislation enacted in 2009.  The relevant statute now provides that "[w]ith

3  respect to the content of claims under this section *and all procedural requirements in this*

4  *section*, this section must be liberally construed so that substantial compliance will be

5  deemed satisfactory."  RCW 4.96.020(5) (emphasis added).  Legislative history reflects that

6  the following testimony was offered in support of this amendment:  "The original intent of

7  the [claim filing] statutes was to provide notice so that the government can get the facts of

8  the claim and investigate.  They were not meant to be 'gotcha' statutes.  Some of the

9  procedural requirements are tricky.  Cases are being dismissed based on technical

10  interpretations of the statute.  The bill is aimed at restoring the original intent."  H.R. Bill

11  Rep., House Bill 1553, 61st Legislature, 1st Reg. Sess. (Wash. Apr. 16, 2009).  Thus,

12  although the case law prior to 2009 differentiated between content and procedure (or

13  presentment), requiring strict compliance as to the latter, the current statute makes no such

14  distinction and prescribes a substantial compliance standard as to both content and procedure.

15    The question remains whether the pre-2009 strict compliance or the current substantial

16  compliance standard applies in this case.  The R&R takes note of the 2009 amendments, but

17  applies the 2006 version of RCW 4.96.020 because plaintiff "submitted his claim to the City

18  of Tukwila in 2008."  R&R at 3 n.1 (docket no. 61).  The City of Tukwila alleges, however,

19  that plaintiff did not, in effect, submit a claim because he did not file it with the City Clerk.

20  Thus, the date of the letter that plaintiff sent to the Risk Management Division is not

21  determinative of which version of the statute applies.

22    In Washington, a statutory enactment is presumed to operate only prospectively unless

23  the legislature indicates an intent to apply it retroactively or the amendment is curative or

24  remedial.  *E.g.*, *Densley v. Dep't of Retirement Sys.*, 162 Wn.2d 210, 223, 173 P.3d 885

25  (2007); *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 127 Wn. App. 899, 913, 112 P.3d 1276

26  (2005).  RCW 4.96.020 contains no express provision concerning retroactivity, and thus, the

ORDER - 3

1  2009 amendments must be either curative or remedial to have retroactive effect.  An

2  amendment is curative if it clarifies or technically corrects an ambiguous statute.  127 Wn.

3  App. at 913.  A statute is remedial if "it relates to practice, procedure, or remedies and does

4  not affect a substantive or vested right."  *Id.*; *see also* *Dragonslayer, Inc. v. Wash. State*

5  *Gambling Comm'n*, 139 Wn. App. 433, 449, 161 P.3d 428 (2007).

6        The 2009 amendments to RCW 4.96.020 satisfy both of these tests.  Prior to 2009, the

7  related provision that defines claim filing pursuant to RCW 4.96.020 as a "condition

8  precedent to the commencement of any action," indicated that "[t]he laws specifying the

9  content for such claims shall be liberally construed so that substantial compliance therewith

10  will be deemed satisfactory."  RCW 4.96.010(1).  Based on this language, viewed in light of

11  the doctrine that the legislature may specify the terms of its waiver of sovereign immunity,

12  *see* *Medina*, 147 Wn.2d at 312; *Kleyer*, 76 Wn. App. at 545, courts attributed to the

13  legislature an intent to require strict compliance as to "the filing procedures themselves."

14  *Pirtle*, 83 Wn. App. at 309 (citing *Hall v. Niemer*, 97 Wn.2d 574, 580-81, 649 P.2d 98

15  (1982), *Kleyer*, 76 Wn. App. at 545, and *Lewis v. City of Mercer Is.*, 63 Wn. App. 29, 32-33,

16  817 P.2d 408 (1991)).  The 2009 amendments are "curative" in that they clarify the original

17  legislative intent concerning the "substantial compliance" clause of RCW 4.96.010(1).  Such

18  interpretation is consistent with the "generally accepted" purpose of the claim filing statute,

19  namely "to allow government entities time to investigate, evaluate, and settle claims,"

20  *Medina*, 147 Wn.2d at 310, and not to be interposed as a hyper-technical obstacle to suit.

21        RCW 4.96.020 is also remedial in nature.  The statute sets forth the procedure for

22  notifying a local governmental entity of a claim for damages and imposes a 60-day waiting

23  period during which litigation may not be commenced.  In addition to expressly rendering

24  both content and procedural requirements subject to the substantial compliance standard, the

25  2009 amendments defined with more specificity the necessary components of a claim and

26  required that local governmental entities make standard claim forms available via the

ORDER - 4

1   Internet.  Because the 2009 amendments relate solely to practice and procedure and do not

2   affect substantive rights, they have retroactive application.  The Court therefore MODIFIES

3   and ADOPTS the R&R's conclusion that substantial compliance is the appropriate standard,

4   that plaintiff satisfied such standard,[3] and that defendants' motion for summary judgment as

5   to plaintiff's state law claim must be denied.

6        Pursuant to 28 U.S.C. § 636(b)(1), this matter is REFERRED to Magistrate Judge

7   Tsuchida for further proceedings.  Magistrate Judge Tsuchida may rule on plaintiff's pending

8   motions for leave to take depositions by written questions, to compel, for sanctions, and to

9   appoint counsel, docket nos. 49, 54, 55, & 56, and shall provide a report and

10  recommendation concerning the City of Tukwila's motion for summary judgment as to

11  plaintiff's § 1983 claim based on the _Monell_ doctrine.  Magistrate Judge Tsuchida is also

12  authorized to issue a scheduling order in this case, after consultation with chambers

13  concerning an appropriate trial date.

14  **Conclusion**

15       For the foregoing reasons, the R&R, docket no. 61, is MODIFIED and ADOPTED.

16  The portion of defendants' motion for summary judgment, docket no. 33, that relates to

17  plaintiff's state law claim for assault and battery and that was previously deferred, is now

18  DENIED.  The portion of defendants' motion for summary judgment, docket no. 33, that

19  relates to plaintiff's § 1983 claim against the City of Tukwila remains DEFERRED.  This

20  matter is REFERRED to Magistrate Judge Tsuchida for further proceedings.

21

22

23

24  [3] As noted in the R&R, defendants had actual notice of plaintiff's claim long before he initiated this
    litigation.  Indeed, on behalf of defendants, WCIA acknowledged receipt of plaintiff's claim and advised
25  plaintiff to direct all further communications to WCIA.  Exh. 3 to Culumber Decl. (docket no. 53).  WCIA
    then proceeded to investigate the matter and eventually concluded that the Tukwila police officers' actions
26  "were appropriate" and that plaintiff's injuries were the result of his "own actions."  Exh. 7 to Culumber
    Decl. (docket no. 53).  Plaintiff more than substantially complied with the claim-filing statute.

ORDER - 5

1     IT IS SO ORDERED.

2     The Clerk is directed to send a copy of this Order to all counsel of record, to plaintiff

3  pro se, and to Magistrate Judge Tsuchida.

4     DATED this 21st day of March, 2011.

5

6                                                  Thomas S. Zilly

7                                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 6