UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGINALD BELL, SR.,

                Plaintiff,

v.

CITY OF TUKWILA, et al.,

                Defendants.

No. C10-379Z

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A. Tsuchida, docket no. 69. The R&R recommends granting the previously deferred portion of defendants' motion for summary judgment, docket no. 33, relating to plaintiff's § 1983 claim against the City of Tukwila, and dismissing both the City of Tukwila and the Tukwila Police Department from this action, with prejudice. In response to the R&R, plaintiff filed a motion to dismiss, as to all defendants in this matter, without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff's motion, docket no. 71, was docketed as "objections" to the R&R. At the Court's direction, defendants filed a response to plaintiff's objections, in essence asking that the Court adopt the R&R. Having reviewed the R&R and the record in this case, the Court hereby ORDERS:

ORDER - 1

(1) The R&R, docket no. 69, is ADOPTED;

(2) The previously deferred portion of defendants' motion for summary judgment, docket no. 33, is GRANTED, and plaintiff's § 1983 claim against the City of Tukwila and the Tukwila Police Department is DISMISSED with prejudice pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and its progeny;

(3) Plaintiff's motion, docket no. 71, to dismiss his remaining claims, namely his § 1983 claim against the individual defendants and his state law claim for assault and battery, is GRANTED on the following terms: (i) the dismissal will be without prejudice only if plaintiff pays the costs and reasonable attorney fees that the individual defendants have incurred in defending this suit; and (ii) if plaintiff fails to timely pay such expenses, the dismissal will be with prejudice;[1]

(4) If plaintiff views as too onerous the terms on which the Court has granted his motion for dismissal, he may withdraw his motion for dismissal, and this matter will be set for trial;[2]

(5) On or before June 30, 2011, plaintiff shall file and serve written notification concerning whether he will accept dismissal of this action on the conditions set forth above or chooses to withdraw his motion for dismissal and proceed with trial; failure to timely file and serve the required notification will be deemed an acceptance of dismissal on the terms outlined in this Order;

---

[1] *See Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994) (Rule 41(a) allows a plaintiff "to take a voluntary nonsuit and start over so long as the defendant is not hurt." A dismissal under Rule 41(a) "may be conditioned upon the plaintiff fulfilling whatever terms" the court "deems necessary to offset the possible prejudice defendant may otherwise suffer." Courts typically impose as a term of dismissal that the plaintiff "pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees.").

[2] *See Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930-31 (9th Cir. 1986) (Under Rule 41(a)(2), "a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." (quoting *GAF Corp. v. Transam. Ins. Co.*, 665 F.2d 364, 367-68 (D.C. Cir. 1981))); *see also Marlow*, 19 F.3d at 304 ("the 'terms and conditions' clause of Rule 41(a)(2) grants plaintiff the option of withdrawing his motion if the district court's conditions are too onerous, and proceeding instead to trial on the merits").

ORDER - 2

   (6) If plaintiff accepts dismissal on the terms described earlier, or if plaintiff fails to timely file and serve notification of his election, then the individual defendants shall file and serve, on or before July 29, 2011, an affidavit concerning the costs and reasonable attorney fees incurred in this action; such affidavit shall not include the costs or attorney fees associated with (i) defense of the City of Tukwila or the Tukwila Police Department, or (ii) unsuccessful motions, particularly the motion for summary judgment, docket no. 33, on which the individual defendants did not prevail; any objections that plaintiff might have to such affidavit of costs and reasonable attorney fees must be filed by August 19, 2011;

   (7) After review of any affidavit of costs and reasonable attorney fees submitted by the individual defendants and any objections filed by plaintiff, the Court will enter a separate order specifying the amount plaintiff must pay to secure a dismissal without prejudice and setting a deadline for payment to avoid dismissal with prejudice;

   (8) The Clerk is directed to NOTE this matter for July 1, 2011, and to keep this case OPEN until further order;

   (9) The Clerk is further directed to send a copy of this Order to all counsel of record, to plaintiff pro se, and to Magistrate Judge Tsuchida.

   IT IS SO ORDERED.

   DATED this 26th day of May, 2011.

                                  _____
                                  Thomas S. Zilly
                                  United States District Judge

ORDER - 3